Stephen McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455

Attorneys for Plaintiff
VLADAMUA, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADAMUA, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>FASHION NOVA, LLC<br><br>Defendant. | Case No. 2:21-cv-8367<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Vladamua, LLC ("Vladamua" or "Plaintiff") by and through its undersigned counsel, states as follows for its complaint against Fashion Nova, LLC ("Fashion Nova" or "Defendant") and alleges as follows:

### INTRODUCTION

1. This action arises out of Defendants' intentional and willful decision to infringe Ms. Haggerty's copyrighted "Black Rose" photograph.

2. Plaintiff Vladamua, LLC is a California-based Limited Liability Company that specializes in providing high-quality makeup application services,

COMPLAINT
Case No.

photography services, and creating unique works of makeup art. Vladamua's founder, Vlada Haggerty, is a Los Angeles-based makeup artist and photographer whose works of makeup art have been featured in fashion publications and art galleries all over all the world. Ms. Haggerty is especially well-known for her works of lip art, which feature close-up photographs of lips decorated with unique makeup designs.

3. One of Plaintiff's most popular works is its Black Rose Lip Art photograph, published in April 2018. "Black Rose" is protected by federal copyright Registration #: VA2-211-636, pictured below.



4. Without compensating Plaintiff, or obtaining a license, Defendants illegally and intentionally misappropriated the Black Rose Lip Art by incorporating the copyrighted image into their clothing (the "Infringing Apparel"). This flagrant violation of Plaintiff's copyrighted work of lip art is shown below.



COMPLAINT
Case No.

5. Accordingly, due to Defendants' blatant and willful infringement, Plaintiff has no choice but to file this lawsuit seeking damages that it has suffered as a result of Defendants' copyright infringement.

## The Parties

6. Plaintiff Vladamua, LLC is a California-based Limited Liability Company with a business address located in this District.

7. Defendant Fashion Nova, LLC is a limited liability company duly organized and existing under the laws of California, with its principal place of business at 2801 E 46th St Vernon, Los Angeles, CA 90058.

## Jurisdiction and Venue

8. This is a civil action alleging copyright infringement under the Copyright Act, 17 U.S.C. § 501. This Court has exclusive subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over Defendant. Defendant has substantial business operations in California and is subject to personal jurisdiction in this state with its business address located in Los Angeles. Further, Defendant engaged in infringing conduct within California and purposefully directed its activities through websites and social media pages in California, where Defendant sells merchandise.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this District, and Defendant is subject to personal jurisdiction and located in this District.

## Facts Common to All Claims

### *Vladamua's Copyright Registration*

11. Plaintiff Vladamua provides high-quality makeup application services, and unique works of makeup art. Plaintiff was founded by Vlada Haggerty, a Los Angeles-based makeup artist and photographer who has gained worldwide acclaim

for her lip art and photography.

12. Plaintiff's works of makeup art are displayed on its website, located at https://www.vladamua.com/, as well as on Instagram at https://www.instagram.com/vladamua/, where Plaintiff has almost 700,000 devoted followers. Plaintiff's work has also been featured by such clients as Disney Style, Pat McGrath Labs, Cover Girl, Smashbox Cosmetics, NYX Cosmetics, Cosmopolitan, Elle, Vogue, Tarte Cosmetics, Black Moon Cosmetics, Jeffree Starr Cosmetics, and Tattoo Junkie Cosmetics.

13. In April of 2018, Ms. Haggerty created the Black Rose lip art (the "Copyrighted Work") and published it on her Instagram account.

14. Black Rose was awarded the Copyright, U.S. Copyright Registration No. VA2-211-636 (the "Copyright") with an effective date of June 24, 2020.

15. Vladamua is the sole and exclusive owner of all right, title, and interest in and to the Copyright and the Copyrighted Work. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, and is subject to the full protection of the U.S. copyright laws.

### *Fashion Nova's Intentional Copying*

16. Without permission or authorization from Vladamua, Fashion Nova copied, distributed, prepared derivate works based on, and displayed, Black Rose as a part of the Infringing Apparel.  A screenshot of Vladamua's Copyrighted Work is below (left) with a photograph of Fashion Nova's Infringing Apparel (right).

//
//
//
//
//
//



17. Fashion Nova's Infringing Apparel merely uses a black and white version of Vladamua's original "Black Rose" that is so strikingly similar that independent creation is beyond belief.

18. Fashion Nova had access to Vladamua's Copyrighted Work from seeing it frequently posted to Vladamua's social media, where it has almost 700,000 followers. The photograph itself has 28,310 "likes", and can be found here: https://www.instagram.com/p/BhKBxsshqQb/?utm_medium=copy_link.

19. In addition to infringing the Copyrighted Work by putting it on a t-shirt,

Fashion Nova infringed it the Copyrighted Work a second time by using the work in various digital online advertisements. See one example below.



20. Despite knowledge of the substantial time, skill, and money Vladamua invested in creation of her designs, Defendants stole Vladamua's work without her consent, removed her "*VLADAMUA*" watermarked logo, and used the Copyrighted Photograph to advertise their own products and website.

## Count 1

### Infringement of Registered Copyright (Physical Product)

21. Vladamua incorporates each paragraph above into this claim.

22. This claim is against Fashion Nova for infringement of Vladamua's registered copyright in the Black Rose lipart in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

23. Vladamua is the owner of a valid and registered copyright in the design,

COMPLAINT
Case No.

Copyright Reg. No. VA2-211-636.

24. Vladamua's Copyrighted Work contains a substantial amount of original material which constitutes copyrightable subject matter protected under the Copyright Act.

25. Vladamua did not authorize Fashion Nova to reproduce the Copyrighted Work or to display a reproduction of that work in the Infringing Apparel or anywhere.

26. Fashion Nova infringed Vladamua's Copyright by reproducing, distributing, and publicly displaying copies of the Black Rose lip art without authorization, in violation of Vladamua's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

27. Fashion Nova knew it was blatantly copying Vladamua's original artwork, and its infringement is willful.

28. Fashion Nova's copyright infringement has damaged Vladamua in an amount to be proven at trial.

29. Vladamua is entitled to full costs and attorneys' fees pursuant to 17 U.S.C. § 505.

30. Vladamua is further entitled to a permanent injunction under 17 U.S.C. § 502 preventing Fashion Nova from further violations.

## Count 2

### Infringement of Registered Copyright (Digital Advertisements)

31. Vladamua incorporates each paragraph above into this claim.

32. This claim is against Fashion Nova for infringement of Vladamua's registered copyright in the Black Rose lipart in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.

33. Vladamua is the owner of a valid and registered copyright in the design, Copyright Reg. No. VA2-211-636.

34. Vladamua's Copyrighted Work contains a substantial amount of original

material which constitutes copyrightable subject matter protected under the Copyright Act.

35. Vladamua did not authorize Fashion Nova to reproduce the Copyrighted Work or to display a reproduction of that work in advertisements.

36. Fashion Nova infringed Vladamua's Copyright in violation of Vladamua's exclusive rights under the Copyright Act, 17 U.S.C. § 106 by reproducing, distributing, and publicly displaying digital copies of the Black Rose lip art without authorization, on advertisements in Buzzfeed, Polygon, Hollywood Reporter, Radiotimes, and Insider. See **Exhibit 1**.

37. Fashion Nova knew it was blatantly copying Vladamua's original artwork, and its infringement is willful.

38. Fashion Nova's copyright infringement has damaged Vladamua in an amount to be proven at trial.

39. Vladamua is entitled to full costs and attorneys' fees pursuant to 17 U.S.C. § 505.

40. Vladamua is further entitled to a temporary and permanent injunction under 17 U.S.C. § 502 preventing Fashion Nova from further violations.

## Count 3

### (Removal and/or Alteration of Copyright Management Information)

41. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

42. Section 1202(b) of the DMCA prohibits removal or alteration of copyright management information ("CMI"). CMI includes "[t]he name of, and other identifying information about, the author of a work," as well as "links to such information." 17 U.S.C. § 1202(c).

43. Plaintiff's Instagram post featured CMI, namely, the "*VLADAMUA*" watermark that constitutes identifying information regarding the author of the photograph.

44. In copying and publishing the Copyrighted Photograph on their own t-shirts and online advertisements, Defendants omitted the watermark. In doing so, Defendants removed and altered CMI associated with the Copyrighted Photograph, which constitutes a violation of the DMCA.

45. Pursuant to the DMCA, Plaintiffs are entitled to an award of the greater of (1) their actual damages and disgorgement of Defendant's profits, or (2) statutory damages for each instance of CMI removal and alteration, as well as costs and attorneys' fees.

## **Prayer for Relief**

WHEREFORE, Vladamua prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award Vladamua relief including but not limited to an Order:

   a) Awarding Vladamua monetary relief, including damages sustained by Vladamua in an amount not yet determined, consisting of actual damages and Defendant' profits attributable to copyright infringement under 17 U.S.C. § 504 and 17 U.S. Code 1203(c)(2).

   b) Granting a permanent injunction preventing Defendant and anyone working in concert with them from copying, displaying, distributing, selling, or offering to sell the infringing photographs pursuant to 17 U.S.C. § 502 and 17 U.S. Code § 1203(b)(1).

   c) Awarding Vladamua all of its costs, interest, and reasonable attorneys' fees in this action as authorized by 17 U.S.C. § 505.

   d) Awarding Vladamua the maximum statutory damages allowed by law including those enumerated in 17 U.S. Code § 1203(c)(3)(B) of $25,000 for each violation, and 17 U.S.C. § 504.

   e) That because of the willful, intentional, and wrongful nature of Defendant's acts, the Court award to Plaintiff exemplary or punitive damages.

   f) Awarding such other and further relief as this Court may deem just and

appropriate under the circumstances.

# JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California L.R. 38-1, Vladamua demands a trial by jury on all issues so triable.

DATED:  October 21, 2021      THE MCARTHUR LAW FIRM, PC

By: /s/ *Stephen C. McArthur*
STEPHEN C. MCARTHUR

Stephen McArthur
stephen@smcarthurlaw.com
Thomas Dietrich
tom@smcarthurlaw.com
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455

*Attorneys for Plaintiff Vladamua, LLC.*